In re Maurrice C. SUTER, Debtor.

UNITED SAVINGS ASSOCIATION, Plaintiff,

v.

Maurrice C. SUTER, Defendant.

Bankruptcy No. 80–01250K.
Adv. No. 80–0543K.

United States Bankruptcy Court,
E. D. Pennsylvania.

April 20, 1981.

**472**

Roland J. Atkins, Philadelphia, Pa., for debtor.

David B. Comroe, Philadelphia, Pa., for plaintiff.

## MEMORANDUM OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The debtor herein filed a Chapter 13 petition on June 2, 1980. On September 18, 1980, United filed a complaint seeking relief from the automatic stay in order to complete foreclosure proceedings against the residence of the debtor. It is undisputed that United holds a first mortgage on the debtor's premises located at 2030 Sigel Street in Philadelphia, Pennsylvania, and that the mortgage is in arrears.

In its complaint, United alleges that the market value of debtor's residence is substantially less than the mortgages and liens against it, thus, alleging that the debtor has no equity in the property. Our attention is drawn to § 362(d)(2) of the Bankruptcy Reform Act, 11 U.S.C. § 362(d)(2) (1978), which provides in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Section 362(g) allocates the burden of proof by stating that the party requesting relief from the stay has the burden as to the issue of equity while the debtor, as the party opposing such relief, has the burden on all other issues.

▌ United went to great lengths to establish an alleged lack of equity in the subject property. However, this Court may only modify the stay under § 362(d)(2) if it appears that the debtor lacks equity *and* the property is not necessary to the reorganization.

▌ Although conflicting evidence was presented concerning the value of the debtor's property, we will not determine equity here. At trial, the debtor presented testimony that the residence is essential to the Chapter 13 rehabilitation. The debtor's grandchild and another individual pay the debtor $200.00 per month for the use of two (2) bedrooms, and the receipt of this income is essential to the debtor's reorganization. [N.T. 76, 83]. We conclude that the debtor has established that Section 362 relief may not be granted here. The mere showing of a lack of equity without proof that the property is not necessary to the Chapter 13 proceeding is not sufficient under § 362(d)(2) nor is it sufficient standing alone to modify the stay for cause under § 362(d)(1).

Accordingly, the automatic stay will remain in full force and effect, and the complaint of United will be denied.

It is so ORDERED.